IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KAWASAKI MOTORS FINANCE            *
CORPORATION,                       *
                                   *
          Plaintiff,               *
                                   *
                                   *
                                   *
vs.                                *          No. 5:09cv00270  SWW
                                   *
                                   *
                                   *
                                   *
                                   *
MILAM'S, INC. D/B/A/ MILAM'S HONDA *
CENTER AND ARTIE A. MILAM,         *
                                   *
          Defendants.              *

ORDER

     Plaintiff Kawasaki Motors Finance Corporation ("KMFC") has filed a motion for a

temporary restraining order against defendants Milam's Inc. d/b/a Milam's Honda Center and

Artie A. Milam (collectively, "Milam") prohibiting Milam from selling, transferring, leasing, or

otherwise disposing of KMFC's collateral pending a hearing on KMFC's replevin complaint.

The Court held a hearing on this motion, which without objection was converted to a motion for

a preliminary injunction, on the afternoon of August 24, 2009.[1]  For the reasons stated from the

bench at the conclusion of the hearing, and in accordance with Fed.R.Civ.P. 65, the Court grants

KMFC's motion for a preliminary injunction [doc.#3].

     As a preliminary matter, the Court finds that Milam has been in breach of its security

agreement with KMFC in that Milam has failed to remit as promised under the contract for the

_____

[1] All parties were represented by counsel at the hearing.

units sold and has now continued to sell at least two units in violation of the contract, even though KMFC gave Milam appropriate notice demanding that it cease selling its collateral.[2]  The Court further finds that Milam has some kind of dispute with Kawasaki Motors Corporation, which is not a party to this action, and that this is part and parcel of the reason Milam has breached its contract with KMFC.

The Court now turns to the question of whether a preliminary injunction should issue, which involves consideration of four factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.  *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).  A Court should balance these considerations when deciding whether to issue an injunction.  *Mid-America Real Estate Co. v. Iowa Realty Co., Inc.*, 406 F.3d 969, 972 (8th Cir. 2005).  The party seeking injunctive relief bears the burden of proving the *Dataphase* factors.  *CDI Energy Services v. West River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009).

Concerning the first factor, the Court finds that KMFC has established a threat of irreparable harm in that it has not been paid for units sold and there is no dispute that the payment is due and owing.  In addition, KMFC has asked Milam to stop selling the units on the floor and Milam has continued to sell.  Milam suggests that KMFC cannot be irreparably harmed because it is a big company, but the Court finds that it can be so harmed because it has floored these valuable vehicles to Milam, Milam is in possession of this inventory, and it is possible that KMFC could not be repaid.  Accordingly, the Court finds there is a threat of irreparable harm.

---

[2] Milam has remitted for the last two units it sold.

2

Concerning the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant, the Court finds that if the injunction is issued, Milam more likely than not will be harmed more than KMFC because, according to Milam, this will put them out of business.

Concerning the probability that movant will succeed on the merits and the public interest, the Court finds there is a public interest in having people honor their contracts, and yet Milam has been in breach of its agreement.  There is, then, a probability that KMFC will succeed on the merits.  Certainly, in a case like this, the public interest would be promoted by keeping the business relationship and the Court would like to see the business relationship maintained. While the Court certainly does not want to issue an Order that might be a death knell to Milam, the fact remains that Milam has been in breach of its agreement.

In sum, the Court finds that KMFC has met its burden of proving the *Dataphase* factors and thus grants KMFC's motion for a preliminary injunction.  The Court enjoins Milam and its employees, officers, servants, attorneys, and agents from selling, leasing, transferring, consuming, or otherwise disposing or removing any of KMFC's collateral until such time as Milam pays to KMFC the amount of the debt it owes KMFC, specifically $208,863, without regard to any claims it might have against Kawasaki Motor Corporation, a different company. This preliminary injunction is effective from August 26, 2009, at 4:40 p.m. (CDT), the date and time KMFC posted a $100,000 bond as required by the Court.  If the Court receives within two weeks from that time satisfactory proof from Milam has paid its $208,863 obligation, the Court will lift this preliminary injunction and permit Milam to sell other units provided it immediately

remits, according to the contract, the amounts due and owing KMFC.   Otherwise the preliminary

injunction will remain in place. [3]

IT IS SO ORDERED this 28th day of August 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] The Court is not making any rulings on replevin as that issue is not ripe.  Rather, the Court, with the issuance of this preliminary injunction, is seeking to protect KMFC's interest and its collateral and enable KMFC to collect the debt that's already been incurred as a result of a violation of its contract.  At the same time, the Court is giving Milam two weeks to satisfy that debt.